UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STARR COUNTY, TX, ET AL (&QUOTTAXING AUTHORITIES&QUOT), *et al*, § § § § Petitioners, § VS. § JESUS GREGORIO LOPEZ; aka GOYO, § § Defendants. § § § § | CRIMINAL ACTION NO. 2:12-CR-418-4 CIVIL NO. 2:15-515 |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Jesus Gregorio Lopez's "Holloway Motion," whereby he moves the Court for a reduction in his sentence (D.E. 907).

**I. Background**

In May 2012, Movant and eleven others were indicted for conspiracy with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Movant was convicted by a jury and sentenced to 292 months' imprisonment, to be followed by 5 years' supervised release. He appealed, and his conviction and sentence were affirmed on September 24, 2014. He then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which the Court denied with prejudice by Memorandum Opinion & Order and Final Judgment entered December 19, 2016. D.E. 896, 897.

Movant now moves the Court to reduce his sentence to 121 months under *Holloway v. United States*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Specifically, he seeks a

two-level reduction for acceptance of responsibility and a "four-level reduction for minor role", which he claims would yield a new advisory guideline range of 121–151 months' imprisonment.[1] He further urges the Court to reconsider the 18 U.S.C. § 3553(a) sentencing factors and has submitted several letters in support that he previously offered into evidence at sentencing.

## II. Analysis

The relief Movant seeks is available, if at all, pursuant to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because his present motion was filed after a previous § 2255 motion, it is a second or successive motion.

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in

---

[1]. Movant's total offense level was 40, with a criminal history category of I. A six-level reduction would yield a new guideline range of 151–188 months.

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Movant's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion.

**III. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## IV. Conclusion

For the foregoing reasons, Movant's "Holloway Motion" (D.E. 907) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

ORDERED this 19th day of May, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE